**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| KIMBERLY ANN SINGLETON,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,[1]<br>Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 3:21-cv-00473-CLB<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING CROSS-MOTION TO AFFIRM**<br><br>[ECF Nos. 17, 18, 20] |

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Kimberly Ann Singleton's ("Singleton") application for disability insurance and supplemental security income benefits pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 405, 423. Currently pending before the Court is Singleton's motion to remand, (ECF No. 17), and amended motion to remand, (ECF No. 18).[2] The Commissioner filed a response and cross-motion to affirm, (ECF Nos. 20, 21)[3], and Singleton filed a reply, (ECF No. 22). Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), (ECF No. 14), the Court concludes that the Commissioner's finding Singleton could perform other work that exists in significant numbers in the national economy was supported by substantial evidence. Therefore, the Court denies Singleton's amended motion for remand, (ECF No. 18), and grants the Commissioner's cross-motion to affirm, (ECF No. 20).

///

---

[1]  Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2]  The Court denies as moot the original motion to remand, (ECF No. 17), and finds the amended motion to remand to be operative.

[3]  ECF Nos. 20 and 21 are identical documents.

**I.     STANDARDS OF REVIEW**

**A.     Judicial Standard of Review**

This court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

"However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B.    Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of their claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform their prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to

the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits the individual from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the

intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four to determine whether the individual has the RFC to perform their past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform their past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any past relevant work, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering their RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.     CASE BACKGROUND

### A.     Procedural History

Singleton applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on August 31, 2018, with an alleged disability onset date of August 31, 2016. (AR 20, 245-51.) Singleton's application was denied initially on July 16, 2019, and

upon reconsideration on January 10, 2020. (AR 83, 100, 121, 143.) Singleton subsequently requested an administrative hearing and on January 4, 2021, Singleton and an attorney representative appeared at a telephonic hearing before an ALJ. (AR 41-66.) A vocational expert ("VE") also appeared at the hearing via telephone. (*Id.*) The ALJ issued a written decision on April 1, 2021, finding that Singleton was not disabled because she could perform other work that exists in significant numbers in the national economy. (AR 20-34.) Singleton appealed, and the Appeals Council denied review. (AR 1-5.) Accordingly, the ALJ's decision became the final decision of the Commissioner. Having exhausted all administrative remedies, Singleton filed a complaint for judicial review on November 4, 2021. (*See* ECF Nos. 1-1, 4.)

### B.     ALJ's Decision

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 20-34.) Ultimately, the ALJ found that Singleton could perform other work that exists in significant numbers in the national economy and thus, the ALJ found Singleton had not been under a disability as defined in the Social Security Act from the alleged onset date—August 31, 2016—through the date of the decision. (AR 33-34.)

In making this determination, the ALJ started at step one. Here, the ALJ found Singleton had not engaged in substantial gainful activity since the alleged onset date of August 31, 2016. (AR 22.) At step two, the ALJ found Singleton had the following severe impairments: bipolar disorder, depression, anxiety, PTSD, chronic obstructive pulmonary disease ("COPD"), pulmonary embolism, and deep vein thrombosis. (AR 23.) At step three, the ALJ found Singleton did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in. 20 C.F.R. Part 404, Subpart P, Appx. 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (AR 23-24.)

Next, the ALJ determined Singleton has the RFC to perform light work as defined by 20 C.F.R. §§ 404.1567(b) and 416,967(b) except:

she is capable of standing/walking 6 hours in an 8-hour workday and sitting 6 hours in an 8-hour workday. She is capable of occasional climbing of stairs/ramps but never climbing ladders/scaffolds. She is capable of occasional crawling and frequent balancing, stooping, kneeling and crouching. She must avoid concentrated exposure to dangerous moving mechanical parts, unprotected heights, and fumes, odors, gases and poor ventilation. She is capable of occasional interaction with supervisors, coworkers, and the general public. She is able to understand, remember, and carry out simple routine tasks and instructions (at the SVP level of 2) but not complex tasks or instructions. She is never capable of performing fast-paced production work (e.g., assembly line). (AR 24-25.)

The ALJ found Singleton's medically determinable impairments could reasonably be expected to cause the symptoms alleged; however, Singleton's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence, including her reported activities of daily living, in the record. (AR 25-26.) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, Singleton's reported activities, and inconsistent statements regarding the nature and extent of her alleged symptoms. (AR 25-32.) The ALJ then determined that Singleton is not capable of performing past relevant work, as a funeral director or funeral attendant, as actually or generally performed. (AR 32.)

Relying on the testimony of the VE, the ALJ determined that Singleton's age, education, work experience, and RFC would allow her to perform other occupations existing in significant numbers in the national economy, such as: housekeeping cleaner, merchandise marker, and office helper. (AR 32-34.) Accordingly, the ALJ held that Singleton had not been under a disability since the alleged onset date of August 31, 2016, through the date of the decision, and denied Singleton's claim. (AR 34.)

**III.   ISSUE**

Singleton now seeks judicial review of the Commissioner's final decision denying DIB and SSI under Titles II and XVI of the Social Security Act. (ECF No. 18.) Singleton raises the following issues for this Court's review: (1) whether the ALJ properly evaluated the persuasiveness of the mental health opinions in determining Singleton's RFC; and (2) whether substantial evidence supported the ALJ's analysis of Singleton's subjective report

of symptoms. (*Id.* at 10-16.)

## IV.   DISCUSSION

### A.   There is Substantial Evidence in the Record to Support the ALJ's RFC Determination.

Within the administrative record, an ALJ may encounter medical opinions from three types of physicians: treating, examining, and non-examining. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). For claims filed *on or after* March 27, 2017, no deference or specific evidentiary weight, including controlling weight, will be given to any medical opinions or prior administrative medical findings, including those from a plaintiff's medical sources. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). When evaluating the persuasiveness of medical opinions and prior administrative medical findings, the most important factors considered are *supportability* and *consistency*. *Id.* (emphasis added). When a finding is made on persuasiveness, there must be an explanation of how the ALJ considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings within the determination or decision. *Id.; see also* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support their medical opinions or prior administrative medical findings, the more persuasive the medical opinions or prior administrative medical findings will be. *Id.* at §§ 404.1520c(c)(1), 416.920c(c)(1). The more consistent a medical opinion or prior administrative medical finding is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion or prior administrative medical finding will be. *Id.* at §§ 404.1520c(c)(2), 416.920c(c)(2).

The ALJ will consider the following additional factors when evaluating the persuasiveness of medical opinions and prior administrative medical findings, however, the ALJ is not required to explain how the factors were considered:

(1)   relationship of the claimant with the medical source:
    (i)   length of the treatment relationship,
    (ii)   frequency of examinations,

|     |                                                                                           |
| --- | ----------------------------------------------------------------------------------------- |
|     | (iii)   purpose of the treatment relationship,                                            |
|     | (iv)    extent of the treatment relationship, and                                         |
|     | (v)     examining relationship;                                                           |
| (2) | specialization of the medical source providing the opinions or findings; and              |
| (3) | other factors that tend to support or contradict a medical opinion or prior administrative medical finding. |

*Id.* at §§ 404.1520c(c)(3)-(5), 416.920c(c)(3)-(5).

When an ALJ finds two or more equally persuasive medical opinions or prior administrative medical findings about the same issue that are equally well-supported and consistent with the record, but are not exactly the same, then the ALJ must articulate, within the claimant's determination or decision, how the ALJ considered the other most persuasive factors for those medical opinions or prior administrative medical findings. *Id.* at §§ 404.1520c(b)(3), 416.920c(b)(3).

Singleton filed her claims for DIB and SSI on August 31, 2018. (AR 20, 245-51.) For this reason, the ALJ was required to follow 20 C.F.R. §§ 404.1520c and 416.920c when considering and articulating the medical opinions or prior administrative medical findings. To evaluate whether the ALJ properly assessed Singleton's limitations in determining her RFC, the Court will look first at whether the ALJ applied the proper legal standard under 20 C.F.R. §§ 404.1520c and 416.920c and will then look at whether there was substantial evidence in the record to support the ALJ's decision.

Singleton argues the ALJ erred when determining Singleton's RFC because he (1) did not discuss the supportability of the opinions of Drs. Araza and Sadovnick, and (2) insufficiently discussed the supportability of Ms. Sims's opinion. (ECF No. 18 at 10-16.) In response, the Commissioner states that although Singleton disagrees with the ALJ's conclusion, her mere disagreement is not a basis to overturn the ALJ's decision in this case and at best, Singleton's arguments present a competing interpretation of the record, which does not constitute reversible error. (ECF No. 20.)

As an initial matter, the Court finds the ALJ applied the proper legal standards under 20 C.F.R. §§ 404.1520c and 416.920c, as he appropriately assessed the supportability and consistency of Dr. Araza, Dr. Sadovnick, and Ms. Sims's opinions as the regulations

9

dictate, including providing an explanation of how the supportability and consistency factors were considered when assessing the medical opinions.

As to Singleton's limitations, the ALJ specifically found Singleton had the ability to perform light work except:

> she is capable of standing/walking 6 hours in an 8-hour workday and sitting 6 hours in an 8-hour workday. She is capable of occasional climbing of stairs/ramps but never climbing ladders/scaffolds. She is capable of occasional crawling and frequent balancing, stooping, kneeling and crouching. She must avoid concentrated exposure to dangerous moving mechanical parts, unprotected heights, and fumes, odors, gases and poor ventilation. She is capable of occasional interaction with supervisors, coworkers, and the general public. She is able to understand, remember, and carry out simple routine tasks and instructions (at the SVP level of 2) but not complex tasks or instructions. She is never capable of performing fast-paced production work (e.g., assembly line). (AR 24-25.)

In considering the opinions of Drs. Araza and Sadovnick, the ALJ concluded that the opinions were persuasive as they were substantially supported by medical evidence and Singleton's reported activities of daily living. Specifically, the ALJ found as follows:

> The State psychological consultants opined that the claimant was capable of performing simple repetitive tasks with limited contact with supervisors, coworkers and the general public. (1A; 3A; 5A; 7A). I find these opinions persuasive, as they are substantially supported by medical evidence of record, including mental status examination findings showing anxious and depressed mood, and varying affect, and tearful at times, as noted herein. In addition, the opinions are substantially consistent with the claimant's activities of daily liv[]ing, including that she does her personal care, self-administers her medications (with reminders), prepares meals, and does household chores. She travels by walking or using public transportation. She is able to go out alone. She has a driver's license and drives a car. She shops in stores. She is able to handle money/finances. She admits she goes to the library on a regular basis (although she states she does not have any hobbies/interests). She goes to mental health for psychiatric treatment and her support group (PTSD) on a regular basis and works 20 hours per week at a fast food restaurant (although she states that she does not spend time with others). (5E; 8E; Hearing testimony). (AR 30-31.)

In considering the opinions of Ms. Sims, the ALJ concluded that her opinion was unpersuasive due to her not being a doctor, and the limitations were too extreme, not supported by objective medical evidence, and substantially inconsistent with Singleton's

activities of daily living. Specifically, the ALJ found as follows:

> In October 2018, Laure Sims, LCSW, who treated the claimant, opined that the claimant had marked-extreme limitations in understanding, remembering or applying information, marked extreme limitations in concentration, persistence or maintaining pace, marked-extreme limitations in adapting or managing oneself, and marked-extreme limitations in interacting with others. (1F). I find this opinion unpersuasive, as she is not a doctor, and the limitations are too extreme and not supported by objective medical evidence of record. Despite the extreme limitations, Ms. Sims opined the claimant would be capable of managing her own benefits, should they be awarded, which I find substantially inconsistent. In addition, the opinion is not substantially consistent with the claimant's activities of daily living, including that she does her personal care, self-administers her medications (with reminders), prepares meals, does household chores, and has a driver's license/drives a car. (Hearing testimony; 5E; 8E). (AR 30.)

In determining Singleton's RFC, the ALJ provided a thorough review of the record including medical evidence and subjective testimony regarding Singleton's impairments, noting evidence that supported limitations and evidence that contradicted disabling allegations. (AR 24-32.) As noted above (and discussed further below), the ALJ provided a thorough review of the evidence throughout the record that supported his RFC determination and specifically noted the supportability and consistency of Drs. Araza and Sadovnick, and Ms. Sims's opinions. (*Id.*)

As to Dr. Azara, the ALJ noted that Dr. Azara supported his opinions with citation to many daily activities that supported a restriction to simple and repetitive tasks. (AR 30-31.) Further, the ALJ acknowledged that some mental status exams showed that Singleton displayed anxious mood and depression, and thus were consistent with a limitation to simple, repetitive tasks. (AR 30.) Additionally, even if the ALJ provided insufficient consideration to the supportability and consistency factors, any such error would be harmless, as the ALJ found Singleton to be <u>more</u> limited than Drs. Azara and Sadovnick. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1107 (9th Cir. 2018) (if there is no "obvious inconsistency" between a medical opinion and the ALJ's findings, there is no error). As to Ms. Sims, the ALJ did not provide conclusory reasons for rejecting her opinion, but rather the ALJ provided a thorough explanation of the inconsistency of Ms. Sims's opinion to the

remainder of the evidence and provided specific reasons for finding this opinion inconsistent.

Ninth Circuit precedent holds that an ALJ is responsible for translating and incorporating clinical findings into a succinct RFC and may properly reject an opinion "when it lacks support from objective medical findings or relies upon properly discounted subjective reports of a claimant." *Rounds v. Comm'r of SSA*, 807 F.3d 996, 1006 (9th Cir. 2015); *see also Smith v. Berryhill*, 752 F. App'x 473, 475 (9th Cir. 2019) (unpublished), *citing Bayliss*, 427 F.3d at 1216–17. Further, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Shaibi*, 883 F.3d at 1108 (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (In Social Security cases, federal courts "are not triers of fact" and a court "may not substitute its judgment for that of the [ALJ]"), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

In sum, the ALJ properly considered all the relevant evidence in determining Singleton's limitations, including complete assessments of the opinions of Drs. Azara and Sadovnick and Ms. Sims, following the criteria articulated in the regulations. (AR 24-32.) The ALJ's evaluation of the supportability and consistency of these opinions supports the ALJ's conclusions as to Singleton's RFC. For the above reasons, the Court finds that the ALJ's RFC determination is supported by substantial evidence and is free of legal error.

**B.    The ALJ properly articulated clear and convincing reasons for rejecting Singleton's subjective testimony.**

Finally, Singleton argues that the RFC is contrary to law and not supported by substantial evidence because the ALJ did not properly evaluate Singleton's subjective report of symptoms. (ECF No. 18 at 14-16.) Singleton's argument seems to be that the ALJ's errors are errors of "omission" and the only appropriate remedy is remand. (*Id.* at 16.)

By contrast, the Commissioner argues that the ALJ provided multiple valid reasons for discounting Singleton's subjective testimony, namely that: (1) objective medical

findings did not support the extent of her allegations; (2) Singleton's activities contradicted her allegations of disabling limitations; and (3) Singleton's reports of improvement contradicted her alleged limitations and claim that she was totally disabled. (ECF No. 20 at 4-8.)

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted) *superseded on other grounds by* 20 C.F.R. § 404.1502(a). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* (quotation omitted); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.").

In making an adverse credibility determination, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and, (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

A review of the record shows the ALJ provided specific, clear, and convincing reasons for finding Singleton's statements concerning the intensity, persistence, and limiting effects of her symptoms less than credible.

An ALJ "may not discredit the claimant's subjective complaints solely because the objective evidence fails to fully corroborate the degree of pain alleged." *Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020) (citing *Reddick*, 157 F.3d at 722). But an ALJ may discredit a plaintiff's testimony when it contradicts evidence in the medical record. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).

The ALJ relied on objective medical evidence that supports the RFC rather than Singleton's allegations of pain. Although the ALJ cannot cherry pick objective medical evidence from the record, they can consider contrary objective medical evidence in making a credibility determination. Here, the ALJ provided a thorough summary of the medical evidence in which he highlighted specific objective findings that support the assigned RFC. (AR 24-32.) Because those findings conflicted with Singleton's pain and symptom testimony, the ALJ found that her testimony was not credible because it was inconsistent with the objective medical evidence thus, based on these findings, the ALJ assigned a reduced RFC with postural and environmental limitations. Accordingly, the Court finds the ALJ provided clear and convincing reasons for finding Singleton not credible to the extent her testimony exceeds the RFC.

Further, an ALJ may discredit a claimant's testimony when she reports participation in everyday activities indicating capacities that are transferable to a work setting. *See Molina*, 674 F.3d at 1112-13; 20 C.F.R. § 404.1529(c)(3)(i). Further, the inconsistency between a claimant's alleged symptoms and her daily activities is sufficient to support a finding that a plaintiff was not entirely credible. *See Lingenfelter*, 504 F.3d at 1040 (in determining credibility, an ALJ may consider "whether claimant engaged in daily activities inconsistent with alleged symptoms"). Specifically, daily activities may be grounds for discrediting a claimant's testimony when a claimant "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are

transferrable to a work setting." *Fair*, 885 F.2d at 603.

Here, the ALJ also found Singleton less credible because the account of her daily activities was inconsistent with her alleged limitations. (AR 25-26); *see Tommasetti*, 533 F.3d at 1039 (inconsistency between a claimant's alleged symptoms and his daily activities may be a clear and convincing reason to find a claimant less credible). Singleton's daily activities included personal care, performing household chores, shopping in stores, preparing meals, driving a car, and working 20 hours per week at a fast-food restaurant. (AR 25-26, 30-32.) The ALJ specifically pointed to the following inconsistencies between Singleton's reported daily activities and her limitations: Singleton testified that she goes to the library on a regular basis—although she states she does not have any hobbies/interests. She goes to mental health for psychiatric treatment and her PTSD support group on a regular basis and works 20 hours per week at a fast-food restaurant—although she states that she does not spend time with others. She works 20 hours per week at a fast-food restaurant—although she states she cannot follow instructions or forgets them instantly. (AR 26.)

Although the ALJ did not explain how each of Singleton's activities contradicted her testimony, the above activities directly contradict Singleton's testimony and the ALJ was entitled to rely on them in discounting Singleton's testimony. *Shaibi*, 883 F.3d at 1108 ("[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld") (citing *Burch,* 400 F.3d at 679); *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) ("If the evidence can reasonably support either affirming or reversing the Commissioner's decision, this panel may not substitute its judgment for that of the Commissioner"). Based on these, and other findings, the ALJ determined Singleton's subjective symptom testimony was inconsistent with her alleged impairments.

Based on the above, the Court finds the ALJ provided "specific, clear and convincing" reasons supported by substantial evidence for discounting Singleton's credibility as to her subjective limitations. *See Fair*, 885 F.2d at 604 ("Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess

pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision.").

## V. CONCLUSION

Having reviewed the Administrative Record as a whole, and weighing the evidence that supports and detracts from the Commissioner's conclusion, the Court finds the ALJ's decision was supported by substantial evidence and is free of legal error.

Accordingly, **IT IS THEREFORE ORDERED** that Singleton's motion to remand (ECF No. 17) is **DENIED as moot**, Singleton's amended motion to remand, (ECF No. 18) is **DENIED**, and the Commissioner's cross-motion to affirm (ECF No. 20) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk **ENTER JUDGMENT** and **CLOSE THIS CASE**.

**DATED**: April 21, 2023

_____
**UNITED STATES MAGISTRATE JUDGE**